UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHYE-KEI LYE<br>1060 Ramblewood Place<br>Charlottesville, VA 22901<br>CIS File No. A094 876 502<br><br>   Plaintiff,<br>v.<br><br>EMILIO T. GONZALEZ, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529<br><br>MICHAEL CHERTOFF, Secretary<br>U.S. Department of Homeland Security<br>425 Murray Drive, Building 410<br>Washington, DC 20528<br><br>ROBERT S. MUELLER, Director<br>Federal Bureau of Investigation<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, N.W.<br>Washington, DC 20535<br><br>DAVID ROARK, Director<br>Texas Service Center<br>U.S. Citizenship and Immigration Services<br>4141 St. Augustine Road<br>Dallas, TX 75227<br><br>   Defendants. | Civ. No. |

## VERIFIED COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

The Plaintiff, Whye-Kei LYE, by counsel, complains of the Defendants, EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services; MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security; ROBERT S. MUELLER, Director, Federal

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

1

Bureau of Investigation; and DAVID ROARK, Director, Texas Service Center, U.S. Citizenship and Immigration Services; as follows:

## I. PREFATORY STATEMENT

1. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's Application to Adjust Status to Lawful Permanent Resident (Form I-485).

2. The Plaintiff properly filed his Application to Adjust Status to Lawful Permanent Resident (the "Adjustment Application") with the Defendant U.S. Citizenship and Immigration Services ("CIS") on June 22, 2006. To the Plaintiff's detriment, eighteen months have passed since that date and Defendants have failed to adjudicate Plaintiff's Adjustment Application within a reasonable time, as they are mandated to do by law. *See* 5 U.S.C. §555(b) and §702 (the Administrative Procedure Act "APA"). Plaintiff prays that this Court compel the Defendants and those acting under them to take all appropriate action to perform their duty to adjudicate the Plaintiff's Adjustment Application without further delay.

## II. JURISDICTION

3. This is a civil action brought pursuant to 28 U.S.C. §1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"). Jurisdiction is further conferred by 8 U.S.C. §1329 (jurisdiction of the district courts) and 28 U.S.C. §1331 (federal subject matter jurisdiction).

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

2

4. Jurisdiction is also conferred pursuant to 5 U.S.C. §555(b) and §702 (the Administrative Procedure Act "APA"). The APA requires CIS to carry out its duties within a reasonable time. 5 U.S.C. §555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). CIS is subject to 5 U.S.C. §555(b). *See Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act 'within a reasonable time,' 5 U.S.C. § 555(b), and authorizes a reviewing court to 'compel agency action ... unreasonably delayed,' 5 U.S.C. § 706(1)."); *see also Liu v. Novak*, Slip Copy, 2007 WL 2460425 (D.D.C. Aug. 30, 2007).

5. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1252, does not deprive this Court of jurisdiction. INA §242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an *order of removal* entered or issued under any provision of this Act[.]" (Emphasis added). As the present action is not an action to review a removal order, but rather an action to compel CIS to adjudicate the Plaintiff's unreasonably delayed application for permanent resident status, this Court retains original mandamus jurisdiction under 28 U.S.C. §1361.

6. Both the regulations and the INA provide numerous examples of duties owed by CIS in the adjustment of status process. 8 U.S.C. §1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

3

added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. §245.6 (emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. §245.2(a)(5)(i) (emphasis added). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the application for adjustment of status pending before them. *See Liu v. Novak*, 2007 WL 2460425; *see also Matter of Sealed Case*, 151 F.3d 1059, 1063 (D.C. Cir. 1998); *see First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

7. Section 242(a)(2)(B) of the INA, 8 U.S.C. §1252(a)(2)(B), as amended by section 106 of the Emergency Supplemental Appropriations Act for Defense, the Global War of Terror, and Tsunami Relief, Pub. L. 109-13 (May 11, 2005) ("REAL ID Act"), eliminated the authority of the federal courts to review decisions by the government to grant or deny discretionary relief. Specifically, INA §242(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review ... (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security ...." 8 U.S.C. §1252(a)(2)(B)(ii).[1] Section 1252(a)(2)(B)(ii) does not strip federal courts of jurisdiction where – as in this case – the government has a nondiscretionary duty to act on the Plaintiff's application for adjustment of status and has

---

[1] "[T]his subchapter" refers to Subchapter II of Chapter 12 of Title 8 of the U.S. Code, which includes INA §245, 8 U.S.C. §1255.

unreasonably failed to so act. *See, e.g., Liu v. Novak*, 2007 WL 2460425; *Duan v. Zamberry*, Slip Copy, 2007 WL 626116, at *3 (W.D. Pa. Feb. 23, 2007) ("The weight of authority ... supports a finding that Defendants have a non-discretionary duty to process or adjudicate an adjustment application; that duty supports a mandamus action.") (and cases cited therein). The Government has discretionary authority to either grant or deny the Plaintiff's adjustment of status application. *See, e.g., Liu v. Novak*, 2007 WL 2460425; *Pool v. Gonzales*, Slip Copy, 2007 WL 1613272, at *2 (D. N.J. June 1, 2007) ("[E]ven though the actual decision to grant or deny an application for adjustment of status is discretionary, the USCIS has a non-discretionary duty to act on applications within a reasonable time"). However, the Government's discretion does not include authority to refuse or unreasonably delay adjudication of a properly filed application. *See, e.g., Liu v. Novak*, 2007 WL 2460425; *Jones v. Gonzales*, 2007 U.S. Dist. LEXIS 45012, at *2 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public."); *Ma & Liu v. Gonzales*, Slip Copy, 2007 WL 1655188 (W.D. Wash. June 5, 2007); *Elkhatib v. Butler*, Slip Copy, 2005 WL 5226742 (S.D. Fla. June 7, 2005).

8. As set forth below, the delay in processing the Plaintiff's properly filed application for adjustment of status is unreasonable, thus placing Plaintiff's case properly in the jurisdiction of this Court.

5

to redress—the failure of CIS to process his application to adjust status in a timely manner.

## V. PARTIES

11. The Plaintiff, Dr. Whye-Kei Lye, is a national of Singapore, born in 1968. He is a Senior Scientist in the Department of Electrical and Computer Engineering at the University of Virginia. He has resided in the United States since September 14, 1989. His alien registration number is A094 876 502.

12. The Defendants, EMILIO T. GONZALEZ, Director, CIS; MICHAEL CHERTOFF, Secretary, DHS; ROBERT S. MUELLER, Director, FBI; and DAVID ROARK, Director, CIS Texas Service Center; are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, pursuant to 8 U.S.C. §1103 and §1255, and 8 C.F.R. §245.2(a)(5)(i) and §245.6. CIS is the agency of DHS responsible for adjudicating adjustment of status applications under the INA and has the sole authority to do so, pursuant to 8 C.F.R. §245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of Section 245 of the Act to apply to the director having jurisdiction over his place of residence). The FBI is the agency responsible for completing security checks, including name and fingerprint checks, for applicants for immigration benefits including adjustment of status.

7

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

## III. VENUE

9. Venue is proper under 28 U.S.C. §1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred. The Defendant Emilio T. Gonzalez is sued in his official capacity as Director of CIS, a United States federal agency and resident in the district. The Defendant Michael Chertoff is sued in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), a United States federal agency and resident in the district. The Defendant Robert S. Mueller is sued in his official capacity as Director of the Federal Bureau of Investigation ("FBI"), a United States federal agency and resident in the district. The Defendant David Roark is sued in his official capacity as Director of the CIS Texas Service Center. Because national policy concerning adjudication of applications for immigration benefits is formulated by the DHS and implemented by CIS, which are both federal agencies that are resident in the district, and because national policy regarding security background checks is formulated by the DHS in Washington D.C. and implemented by the CIS and the FBI, venue is proper in this Court.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty—the adjudication of his application to adjust status, which has been duly filed with CIS. CIS has unreasonably delayed and failed to adjudicate this application. The Plaintiff has no other adequate remedy available for the harm he seeks

6

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

## VI.   **FACTS AND PROCEDURAL HISTORY**

13. The Plaintiff, Dr. Lye, is a senior scientist developing microsystems and nanomaterials for biomedical applications. Dr. Lye received his Bachelors of Science, with honors, in Physics from the California Institute of Technology in 1993, a Masters of Science in 1994, a Masters of Philosophy in 1996, and a Ph. D. in 1998 in Applied Physics from Yale University. Dr. Lye is married to Kareen Lee-Lian Looi, also a citizen of Singapore.

14. Dr. Lye has always maintained lawful immigration status in the U.S. and has never engaged in any illicit activities. He has been steadily employed in this country in the field of electrical engineering. Dr. Lye has never been arrested, charged, or convicted of any crime.

15. Dr. Lye filed his application for adjustment of status (Form I-485) with the CIS Texas Service Center on June 22, 2006, more than eighteen months ago. His adjustment of status application is based on an approved immigrant petition for alien worker (Form I-140) under INA §203(b)(2) (aliens who are members of professions holding advanced degrees or aliens of exceptional ability), which was approved on July 17, 2006.

16. Dr. Lye's attorneys have made numerous inquiries about the status of his application for adjustment of status. On April 3, 2007, Dr. Lye's former attorney made a written inquiry to CIS regarding the status of his long-pending case. CIS erroneously replied that his case was "within our current processing times," although the USCIS website actually

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

8

stated that the Texas Service Center was processing employment-based adjustment cases filed on October 14, 2006.

17. On May 7, 2007, Dr. Lye's former attorney made a second written inquiry to CIS through the Texas Service Center Liaison Assistance Form. CIS replied on May 28, 2007, stating, "Application is pending due to the FBI name check."

18. Finally, on September 25, 2007, Dr. Lye's former attorney submitted an inquiry to the CIS Texas Service Center through the American Immigration Lawyer's Association (AILA). On October 22, 2007, the AILA Liaison informed Dr. Lye that his case was pending due to "FBI name check[s]."

19. On November 16, 2007, more than seventeen months after Dr. Lye originally filed his Adjustment Application, undersigned counsel wrote to Defendant Roark, Director of the Texas Service Center, requesting that Defendant take steps to resolve Dr. Lye's long pending case within 30 days. Again, Defendants failed to respond or take action in Dr. Lye's case.

20. CIS's published guidelines indicate that the Texas Service Center is currently reviewing employment-based adjustment of status applications filed 6 months ago. *See* CIS Texas Service Center Processing Dates posted November 14, 2007, *available at* https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=TSC (last visited Dec. 16, 2007). Dr. Lye's Application for Adjustment of Status has been delayed more than three times beyond the normal processing times.

21. The Plaintiff is eager to obtain lawful permanent resident status and the lengthy delay by the Defendants in adjudicating his application is of great concern to him. The Plaintiff's

9

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

ability to pursue opportunities for professional advancement is negatively impacted by the Defendants' failure to adjudicate his application within a reasonable period of time. Furthermore, CIS's lengthy delay in the adjudication of the Plaintiff's application also causes him major inconvenience due to the uncertainty of his immigration situation and his inability to travel on short notice to visit family in Singapore.

22. The Defendant CIS has unreasonably failed to issue a final decision on the Plaintiff's application for adjustment of status. As more than eighteen months have elapsed since the Plaintiff properly filed his adjustment of status application, the Plaintiff requests that this Court compel CIS to adjudicate his application without further delay.

23. Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under an obligation to perform in a timely manner. *See, e.g., Liu v. Novak*, 2007 WL 2460425, at *4 ("[T]here is ... significant district court authority holding that §1252(a)(2)(B)(ii) does *not* bar judicial review of the pace of application processing or the failure to take an action"); *Duan*, 2007 WL 626116, at *3 (CIS has "a non-discretionary duty to process or adjudicate an adjustment application" and "that duty supports a mandamus action"); *see also Chen v. Chertoff*, Slip Copy, 2007 U.S. Dist. LEXIS 68536, at *12 (N.D. Cal. Sept. 6, 2007) ("And while the discretion allotted by statute includes whether or not to grant an adjustment of status, it does not extend to processing the applications at any indefinite length of time or withholding action upon an application altogether"); *Liu v. Chertoff*, Slip Copy, 2007 WL 2435157 (D. Or. Aug. 29, 2007); *Tang v. Chertoff*, Slip Copy, 2007

10

U.S. Dist. LEXIS 64022 (E.D. Ky. Aug. 29, 2007); *Xu v. Chertoff*, Slip Copy, 2007 WL 2033834, (D. N.J. Jul. 11, 2007); *Toor v. Still*, 2007 WL 2028407 (N.D. Cal. Jul. 10, 2007); *Jones v. Gonzales*, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007); *Quan v. Chertoff*, Slip Copy, 2007 WL 1655601, N.D. Cal., June 7, 2007); *Ma & Liu*, 2007 WL 1655188, at *4; *Pool*, 2007 WL 1613272; *Ibrahim v. Chertoff*, Slip Copy, 2007 WL 1558521 (S.D. Cal. May 25, 2007); *Chen v. Heinauer*, Slip Copy, 2007 WL 1468789 (W.D. Wash. May 18, 2007); *Koren v. Chertoff*, Slip Copy, 2007 WL 1431948 (D. Conn. May 14, 2007); *Dmitriev v. Chertoff*, Slip Copy, 2007 WL 1319533 (N.D. Cal. May 4, 2007); *Huang v. Gonzales*, Slip Copy, 2007 WL 1302555 (W.D. Wash. May 2, 2007); *Wu v. Chertoff*, Slip Copy, 2007 WL 1223858 (N.D. Cal. Apr. 25, 2007); *Song v. Klapakas*, Slip Opinion, 2007 WL 1101283 (E.D. Pa. Apr. 12, 2007); *Mahd v. Chertoff*, Slip Copy, 2007 WL 891867 (D. Colo. Mar. 22, 2007); *Singh v. Still*, 470 F. Supp. 2d 1064 (N.D. Cal. 2006); *Aboushaban v. Mueller*, Slip Copy, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006); *Zahani v. Neufeld*, Slip Copy, 2006 WL 2246211 (M.D. Fla. June 26, 2006); *Elkhatib*, 2005 WL 5226742.

### VII. CAUSE OF ACTION

24. The Plaintiff is entitled to adjust his status pursuant to 8 U.S.C. §1151(a)(2).

25. The Defendants have sufficient information to determine the Plaintiff's eligibility for adjustment of status pursuant to applicable requirements. Notwithstanding, the Defendant CIS has unreasonably delayed and refused to adjudicate the Plaintiff's application to adjust status for over eighteen months, thereby depriving the Plaintiff of his right to a decision on his immigration status and the peace of mind to which he is entitled.

11

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

26. The Plaintiff has been further prejudiced by CIS's undue delay in adjudicating his adjustment of status application, because he has been forced to repeatedly apply (and pay) for extensions of employment authorization and travel documentation, all to the further detriment of the Plaintiff. *See* 8 C.F.R. §274a.12(c)(9).

27. The Plaintiff's ability to travel out of the country has also been restricted, as he is required to apply for and obtain travel authorization from CIS before traveling abroad while his immigration status remains pending. The delay in adjudication of travel documentation varies greatly and the Plaintiff faces inconvenience and uncertainty whenever he wishes to travel.

28. The Defendants' inaction in the Plaintiff's case has caused unfair amounts of stress, expense, and hassle for the Plaintiff, who seeks nothing more than to exercise his right to become a lawful permanent resident of the United States. Plaintiff is entitled to a decision on his application to adjust status without further unreasonable delay.

## VIII. CLAIMS

29. The Defendant CIS has willfully and unreasonably failed to adjudicate the Plaintiff's application for adjustment of status for over eighteen months, thereby depriving the Plaintiff of his rights under 8 U.S.C. §1151(a)(2). Pursuant to 5 U.S.C. §555(b) and §702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

30. The Defendant CIS owes the Plaintiff a duty to adjudicate his adjustment of status application and has unreasonably failed to perform that duty. *See Matter of Sealed Case*,

12

151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); *Liberty Fund, Inc.*, 394 F. Supp. 2d at 114 (same); *see also Donovan v. United States*, 580 F.2d 1203, 1208 (3d Cir. 1978) (same).

31. This Court should grant the Plaintiff's writ of mandamus because the Plaintiff has no alternative means to obtain adjudication of his application for adjustment of status and his right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Lyeflon Inc.*, 449 U.S. 33, 35 (1980).

32. The Plaintiff is entitled to action on his long-pending adjustment of status application because an unreasonable amount of time has passed since his application was filed on June 22, 2006. CIS has, to date, failed to make a determination on that application.

WHEREFORE, the Plaintiff prays that the Court:

1. Compel the Defendants and those acting under them to take all appropriate action to perform their duty to adjudicate the Plaintiff's adjustment of status application without further delay;

2. Grant such other and further relief as this Court deems proper under the circumstances; and

3. Grant attorney's fees and costs of Court to the Plaintiff under the Equal Access to Justice Act.

Respectfully submitted this 17th day of December 2007,

WHYE-KEI LYE

13

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

*By counsel,*

_____
Thomas K. Ragland
DC Bar Number: 501021
MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
Phone: (202) 483-0053
Fax: (202) 483-6801

*Counsel for Plaintiff*

14

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

## VERIFICATION

I, Whye-Kei Lye, under penalty of perjury, state the following:

I affirm the truth of the factual contents of the foregoing Verified Complaint for Mandamus and Declaratory Judgment, upon information and belief.

Dated: 17 DECEMBER 2007

Place: CHARLOTTESVILLE, VIRGINIA, U.S.A.

_____
Whye-Kei Lye

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Whye-Kei LYE

## DEFENDANTS
Emilio T. Gonzalez, Michael Chertoff, Robert S. Mueller, David Roark

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Charlottesville, VA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
(202) 483-0053

ATTORNEYS (IF KNOWN)
U.S. Attorney for the District of Columbia
555 4th Street NW
Washington, DC 20530

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

● **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. §1361; 28 U.S.C. §1331; 5 U.S.C. §555(b) and §702. Complaint to compel Defendants to adjudicate Plaintiff's adjustment of status application.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 12/17/07    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.